**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

ROBERT ANDREW LEEDY
aka BOB LEEDY
dba THE WHOLE 10 YARDS

       Debtor

Case No. 10-34572

JUDY L. JONES, individually and
d/b/a The Realty Store and
THE REALTY STORE, INC.

       Plaintiffs

       v.

ROBERT ANDREW LEEDY

       Defendant

Adv. Proc. No. 10-3144

**MEMORANDUM ON PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

**APPEARANCES:**   GRIBBLE CARPENTER & ASSOCIATES, PLLC
        Keith L. Edmiston, Esq.
        372 South Washington Street
        Maryville, Tennessee 37804
        Attorneys for Plaintiffs

        MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee 37919
        Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Objecting to the Dischargeability of a Debt (Complaint) filed by the Plaintiffs on December 27, 2010, seeking a determination that a judgment entered against the Defendant in the amount of $131,489.99 is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (4), and/or (6) (2006).  The Defendant filed an Answer to Complaint on March 29, 2011, denying the Plaintiffs' allegations and asserting a number of affirmative defenses.

On June 23, 2011, the Plaintiffs filed the Motion of Plaintiffs for Summary Judgment (Motion for Summary Judgment) accompanied by a brief and the Statement of Material Facts Not in Dispute in Support of Motion of Plaintiffs for Summary Judgment (Statement of Undisputed Facts) as required by E.D. Tenn. LBR 7056-1, along with two exhibits: (1) a Judgment entered June 1, 2009, in the Chancery Court for Sevier County, Tennessee, in *Leedy v. The Realty Store, Inc.*, No. 07-8-339; and (2) an Opinion entered on July 7, 2010, by the Tennessee Court of Appeals in *Leedy v. The Realty Store, Inc.*, No. E2009-01379-COA-R3-CV.

The Defendant did not file a response to the Motion for Summary Judgment or the Statement of Undisputed Facts.  Pursuant to E.D. Tenn. LBR 7056-1(b), the material facts set forth in the Statement of Undisputed Facts are therefore deemed admitted, and in accordance with E.D. Tenn. LBR 7007-1, the court construes the Defendant's lack of response to the Motion for Summary Judgment as meaning he does not oppose the Motion or the relief sought therein.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(I) (2006).

**I**

Prior to September 2005, the parties co-owned and operated The Realty Store, Inc. in the marketing, managing, renting, and selling of real property. STMT. OF UNDISP. FACTS at ¶ 1. In early September 2005, the parties' business relationship deteriorated, and they agreed to dissolve their ownership of The Realty Store, Inc. STMT. OF UNDISP. FACTS at ¶ 2; STMT. OF UNDISP. FACTS Ex. 1 at 2. To effectuate the dissolution, the parties executed documentation and divided their respective claims and interests as follows:

(1) quit claim deed from the Plaintiff Judy L. Jones to the Defendant for real property located at 1829 Bertie Street;

(2) quit claim deed from the Defendant to the Plaintiff Judy L. Jones for real property located at 1833 Bertie Street;

(3) transfer of "all . . . right, title and interest in and to Allo'ra, LLC . . . to Judy L. Jones" effective retroactively to April 2, 2004, with accompanying assumption by Jones as buyer of "all liabilities of Allo'ra LLC that have come into existence since April 2, 2004;"

(4) transfer from the Plaintiff Judy L. Jones as seller to the Defendant as buyer of "all her right, title and interest in and to The 1833 House, LLC" effective retroactively to March 1, 2002, with accompanying assumption by the Defendant of "all liabilities of The 1833 House, LLC that have come into existence since January 31, 2003;"

(5) transfer from the Defendant as seller to the Plaintiff Judy L. Jones as buyer of "all his stock, right, title and interest in and to The Realty Store, Inc." retroactively effective to May 3, 2000 with accompanying assumption by the Plaintiff of all liabilities of "The Realty Store, Inc. that have come into existence since May 3, 2000;"

(6) independent contractor agreement whereby the Defendant continued an association with the Agency as a "licensee," the principal terms of which are that the Agency will furnish and reimburse the Defendant for professional fees and expenses and the Defendant will receive a commission based on the income generated for the agency; for property management, the commission was specified as "10% of the total commission received by The Realty Store, Inc."

STMT. OF UNDISP. FACTS at ¶ 3; STMT. OF UNDISP. FACTS EX. 2 at *6-7. In accordance with their agreement, the Defendant deposited rental deposits into the property management escrow account from which he was to receive a 10% commission from the funds brought into The Realty Store, Inc. for property management services. STMT. OF UNDISP. FACTS at ¶¶ 4-5; STMT. OF UNDISP. FACTS EX. 3 at *7-8. However, after paying property owners and expenses, the Defendant "removed and converted from The Realty Store, Inc. without proper authority or justification, the amount of $131,489.99" and used the funds for his own purposes. STMT. OF UNDISP. FACTS at ¶¶ 4, 7; STMT. OF UNDISP. FACTS at EX. 1 at 2; *see also* STMT. OF UNDISP. FACTS EX. 2 at *3.

The Plaintiff Judy L. Jones caused a criminal investigation to be initiated against the Defendant, who filed an action styled *Robert A. Leedy v. The Realty Store, Inc. and Judy L. Jones, d/b/a The Realty Store, CNB Bancshares, Inc. d/b/a Citizens National Bank, and Regions Bank*, No. 07-8-339, in the Chancery Court for Sevier County, Tennessee (State Court Lawsuit), claiming that the Plaintiff The Realty Store, Inc. was a partnership and that he was entitled to an accounting and share of the profits. STMT. OF UNDISP. FACTS EX. 2 at *8. The Plaintiff Judy L. Jones filed a counterclaim in the State Court Lawsuit to recover The Realty Store, Inc.'s funds used by the Defendant for his personal benefit, and following a bench trial, the trial court entered a Judgment on June 1, 2009, resolving the issues by, *inter alia*, awarding all interest in and control of the Plaintiff The Realty Store, Inc. to the Plaintiff Judy L. Jones and awarding a judgment against the Defendant in the amount of $131,489.99 in favor of the Plaintiff The Realty Store, Inc. STMT. OF UNDISP. FACTS at ¶ 6; STMT. OF UNDISP. FACTS EX. 1 at 4; STMT. OF UNDISP. FACTS EX. 2 at *8, *11.

The Defendant filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on September 20, 2010, and on December 7, 2010, the Plaintiffs timely filed the Complaint initiating this adversary proceeding seeking a determination that the Judgment entered against the Defendant on June 1, 2009, is nondischargeable under § 523(a)(2)(A), (a)(4), and/or (a)(6). The Plaintiffs' Motion for Summary Judgment, filed on June 23, 2011, seeks summary judgment only as to the § 523(a)(4) count but does not waive the Plaintiffs' claims pursuant to § 523(a)(2)(A) and/or (a)(6). MOT. FOR SUMM. JUDG. at n.1.

## II

Rule 56 of the Federal Rules of Civil Procedure states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" with the procedures concerning summary judgment now requiring the following:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

> (3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure).[1]

When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). As the moving parties, the Plaintiffs bear the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material facts and that controlling law makes it clear that the Judgment is based on embezzlement and is nondischargeable pursuant to § 523(a)(4), thus entitling the Plaintiffs to judgment as a matter of law. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001).

The burden then shifts to the Defendant, the nonmoving party, to prove that there are genuine disputes of material fact for trial; however, reliance solely on allegations or denials contained in the pleadings or "mere scintilla of evidence in support of the nonmoving party will not be sufficient."

---

[1] Per the Notes of Advisory Committee on the 2010 amendments, the standard for granting summary judgment has not changed, and "[t]he amendments will not affect continuing development of the decisional law construing and applying [the standard]."

6

*Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  The facts and all resulting inferences are viewed in a light most favorable to the non-movant, and the court decides whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512.  Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

Based upon the record, the court finds that there is no genuine dispute as to material facts, and the Plaintiff The Realty Store, Inc. is entitled to summary judgment as a matter of law that the Judgment entered by the Sevier County Chancery Court on June 1, 2009, is nondischargeable under § 523(a)(4).

### III

In support of their Motion for Summary Judgment, the Plaintiffs argue that the Judgment is dispositive and because re-litigation of the issues is precluded under the doctrine of collateral estoppel, they are entitled to a determination that the Judgment is nondischargeable.  Collateral estoppel, or issue preclusion, is an "extension" of the doctrine of res judicata, the purpose of which is to relieve the parties of multiple lawsuits, conserve judicial resources, and promote finality by preventing inconsistent decisions. *Allen v. McCurry*, 101 S. Ct. 411, 415 (1980).  It derives from 28 U.S.C. § 1738, which provides that "judicial proceedings . . . [of any State] shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the

courts of such State . . .[.]" 28 U.S.C. § 1738 (2006). Federal courts must, accordingly, give state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered[,]" *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 104 S. Ct. 892, 896 (1984), and if a claim or issue would be barred under state law, the judgment in question is entitled to preclusive effect. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 105 S. Ct. 1327, 1335 (1985); *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). Additionally, the Supreme Court has held that, although the bankruptcy court has exclusive jurisdiction over actions to determine dischargeability, if a state court, in the course of adjudicating state law questions, also determines factual issues with standards identical to those in § 523(a), collateral estoppel bars re-litigation of those issues by the bankruptcy court in § 523(a) actions. *Grogan v. Garner*, 111 S. Ct. 654, 658 n.11 (1991).

Under Tennessee law, collateral estoppel bars re-litigation by the same parties of legal or factual issues actually raised and determined in an earlier proceeding whereby the court's decision is conclusive against the parties in subsequent proceedings. *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009); *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001) (holding that collateral estoppel applies to both issues of law and issues of fact); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) ("[M]aterial facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties[.]") (citation omitted). The party asserting collateral estoppel bears the burden of proof "that the issue was, in fact, determined in a prior suit between the same parties and

that the issue's determination was necessary to the judgment[,]" *Dickerson v. Godfrey*, 825 S.W.2d 692, 695 (Tenn. 1992), by demonstrating the following:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535.

Here, there is no dispute that the Judgment is final, that the parties to this adversary proceeding are identical to those in the State Court Lawsuit, and that the Defendant actively litigated his positions in the State Court Lawsuit. Therefore, the determinative factors solely concern the issues – whether they are identical to those decided in the State Court Lawsuit and whether they were actually litigated. In order for collateral estoppel to apply, the issue to be precluded must be "identical, not merely similar," to that decided in the earlier action. *Reid v. State*, 2011 WL 3444171, at *30 (Tenn. Crim. App. Aug. 8, 2011). Moreover, the applicable legal standards must also be identical, as "[d]ifferent legal standards as applied to the same set of facts create different issues." *Reid*, 2011 WL 34444171, at *30 (quoting *Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998)).

In their Motion for Summary Judgment, the Plaintiffs assert that the Defendant is precluded by collateral estoppel from denying that the debt he owes under the Judgment is nondischargeable under § 523(a)(4). As is material to the Motion for Summary Judgment, the Complaint initiating this adversary proceeding alleges that "[w]hile managing the property of The Realty Store, the Debtor

9

converted funds from the general accounts of The Realty Store and from various escrow accounts in the amount of at least $131,489.99 . . . . The Debtor did not have permission or other authority for such transfers." COMPL. at ¶ 10. It additionally asks for a determination that the Judgment is nondischargeable under § 523(a)(4).

Courts construe § 523(a) liberally in favor of defendants and strictly against plaintiffs, who bear the burden of proving the elements necessary for a determination of nondischargeability by a preponderance of the evidence. *Grogan*, 111 S. Ct. at 661. Subsection (a)(4) provides that debts obtained by embezzlement, which is, for the purposes of this subsection and as it relates to this adversary proceeding, "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come[,]" *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996), are nondischargeable.[2] "A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *Bd. of Trs. v. Bucci (In re Bucci)*, 493 F.3d 635, 644 (6th Cir. 2007) (quoting *Brady*, 101 F.3d at 1173). Fraudulent misappropriation requires proof of "'fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud[;]'" *Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876-77 (Bankr. D. Colo. 2004) (quoting *Driggs v. Black (In re Black)*, 787 F.2d 503, 507 (1986)); however, "[b]oth the intent and the actual misappropriation necessary to prove embezzlement may be shown by circumstantial evidence." *Goodmar, Inc. v. Hamilton (In re Hamilton)*, 306 B.R. 575, 582 (Bankr. W.D. Ky. 2004) (quoting *Bailey v. James (In re James)*,

---

[2] Section (a)(4) also includes debts obtained through larceny and fraud or defalcation while acting in a fiduciary capacity. Nevertheless, only the embezzlement aspect is at issue in this adversary proceeding.

42 B.R. 265, 267 (Bankr. W.D. Ky. 1984)); *see also Estate of Harris v. Dawley (In re Dawley)*, 312 B.R. 765, 779 (Bankr. E.D. Pa. 2004) (holding that fraudulent intent can be deduced by examining "the facts and circumstances surrounding the act.") (citation omitted). "The fraud element may also be satisfied by a showing of deceit . . . and intent can be inferred from the relevant circumstances." *Powers v. Powers (In re Powers)*, 385 B.R. 173, 179-80 (Bankr. S.D. Ohio 2008).

> The legal issues raised in the State Court Lawsuit can be summarized as follows:
>
> The verified complaint set forth a myriad of allegations and theories, the essence of which was that Leedy was entitled to receive one-half of the profits of the joint-owned business for the time he was there from January 2002 to November 2006, which he had not received, and that Jones had refused to allow him access to the information necessary to determine the amount owed. Jones filed a counterclaim asking for a judgment against Leedy for the funds he had allegedly misappropriated out of the escrow account. Both parties asked that their jointly owned real property be partitioned.

STMT. OF UNDISP. FACTS EX. 2, at *8. Following trial, the state court entered the Judgment in favor of The Realty Store, Inc., which was affirmed by the Tennessee Court of Appeals, containing the specific finding that "[a]fter termination of the parties' co-ownership of The Realty Store, Inc., Robert Leedy removed and converted from The Realty Store, Inc., without proper authority or justification, the amount of $131,489.99." STMT. OF UNDISP. FACTS at ¶¶ 6-7; STMT. OF UNDISP. FACTS EX. 1 at 2; *see also* STMT. OF UNDISP. FACTS EX. 2 at *3 ("After a bench trial, the court found that, in September 2005, the principals 'settled up' their affairs and that thereafter Leedy wrongfully took an excess of $131,489.99, for which the court gave [The Realty Store, Inc.] a judgment.").

Although the legal issues raised in the two lawsuits differ, the narrow factual issue of whether the Defendant fraudulently appropriated and embezzled the $131,489.99 awarded to the Plaintiff The

11

Realty Store, Inc. in the Judgment is identical. The Judgment makes an express finding that the Defendant "removed and converted from The Realty Store, Inc., without proper authority or justification, the amount of $131,489.99." STMT. OF UNDISP. FACTS at ¶ 7; STMT. OF UNDISP. FACTS EX. 1 at 2; *see also* STMT. OF UNDISP. FACTS EX. 2 at *3. Additionally, on appeal, the Tennessee Court of Appeals stated the following in its Opinion:

> Other than the broad language concerning "all . . . right, title and interest," the documents did not specify what was to happen to the property management escrow account, and Leedy continued to use it after September 2005 the same as he had before September 2005. He deposited the monies received from tenants into the account, wrote checks to vendors, wrote checks to owners, and used the balance as his own. In 2005, for example, Leedy wrote multiple checks to a local automobile dealership, including one for $ 21,000 for a new truck Leedy titled in his name. In late 2006, Leedy withdrew all the funds in the escrow account. When Jones learned that Leedy had withdrawn the funds, she reported his actions to law enforcement authorities. Leedy returned the monies that he had withdrawn, but the criminal investigation continued and resulted in an indictment against Leedy on three counts of feloniously obtaining and exercising control over U.S. currency that belonged to Jones and the Agency.[3]
>
> . . . .
>
> The court did award judgment in favor of the Agency in the amount of $ 131,489.99 representing the amount Leedy took out of the account after September 2005 in excess of the 10% commission allowed under the independent contractor agreement. After the documents were executed in September 2005, "all he was entitled to receive was the compensation that [the] independent contractor agreement called for." As the trier of fact, the court would not "accredit [Leedy's] testimony that he continued to have a business interest in The Realty Store" after September 2005.

STMT. OF UNDISP. FACTS EX. 2 at *7-8, *11.

Based upon the findings of the state court, which were reiterated by the appellate court, that the Defendant wrongfully used monies that had legally come into his possession for purposes other

---

[3] In its Opinion, the Court of Appeals referred to The Realty Store, Inc. as "the Agency."

12

than those authorized, the elements of § 523(a)(4) have been met, and the Defendant is collaterally estopped from asserting that the $131,489.99 Judgment in favor of the Plaintiff The Realty Store, Inc. is nondischargeable. Accordingly, the Plaintiffs' Motion for Summary Judgment will be granted as to The Realty Store, Inc. but denied as to the Plaintiff Judy L. Jones.

A Judgment consistent with this Memorandum will be entered.

FILED:  August 23, 2011

> BY THE COURT
>
> */s/  RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE